## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| NATIONAL SERVICE INDUSTRIES, INC., | : | Case No. 12-12057 (MFW) |
| | : | |
| Debtor. | : | **Hearing Date:  April 17, 2019 at 2:00 P.M. ET** |
| | : | **Objection Deadline:  April 3, 2019 at 4:00 P.M. ET** |

### TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH THE RESOLUTE-ADMINISTERED INSURERS AND SALE OF THE RESOLUTE-ADMINISTERED INSURERS UNDER 11 U.S.C. § 363(b), (f) AND (m)

Charles M. Forman, the Chapter 7 Trustee (the "Trustee") for the Estate of the above-captioned debtor (the "Debtor"), submits this motion for an Order (a) approving the Trustee's settlement with the Resolute-Administered Insurers[1] memorialized in the Settlement Agreement attached as Exhibit 1 (not including Exhibit B thereto, which is this instant motion) (the "Agreement") under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 9019(a)"), and (b) approving the Trustee's sale of insurance policies and termination of all rights thereunder to the Resolute-Administered Insurers pursuant to sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 6004").  In support, the Trustee respectfully represents that:

### JURISDICTION AND VENUE

1.       The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.

2.       This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] Capitalized terms that are not defined in this motion have the meanings set forth in the Agreement.

3.      Venue of this proceeding and this application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought are sections 105 and 363(b), (f), and (m) of the Bankruptcy Code, Bankruptcy Rule 6004, and Bankruptcy Rule 9019(a).

## INTRODUCTION

5.      On July 12, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.      On July 13, 2012, the Office of the United States Trustee appointed the Trustee to serve as the interim Chapter 7 trustee in this case.  The Trustee continues to serve as the Chapter 7 trustee for the Debtor's bankruptcy Estate.

## BACKGROUND

7.      As of the Petition Date, the Debtor was subject to claims for personal injury or wrongful death arising from the distribution of asbestos-containing insulation by a previously divested business of the Debtor dating back to the 1960s (the "Asbestos-Related Bodily Injury Claims").

8.      The Debtor is the policyholder of numerous insurance policies that have covered and should continue to cover the losses, if any, related to the Asbestos-Related Bodily Injury Claims.  The policies in place cover Asbestos-Related Bodily Injury Claims for which liability has already been established as well as those for which liability has yet to be established.

9.      Attached to the Debtor's statement of financial affairs are 555 pages listing thousands of pending pre-petition asbestos-related cases that were filed nationwide against the Debtor and others.

10.     In addition, the claims register maintained by the Clerk's office reflects that approximately 9,800 proofs of claim have been filed to date, the overwhelming majority of which appear to involve personal injury or wrongful death claims.

11.     As of the Petition Date, approximately 28,000 asbestos-related claims were pending.

## THE INSURANCE POLICIES

12.     The Resolute-Administered Insurers issued the insurance policies to the Debtor that are identified in Exhibit C to the Agreement (the "Insurance Policies").

13.     The Debtor, prior to the Petition Date, and now the Trustee, have asserted that the Resolute-Administered Insurers are obligated under the Insurance Policies to make liability payments and pay defense costs in connection with Asbestos-Related Bodily Injury Claims.

14.     The Debtor and certain of the Resolute-Administered Insurers entered into prior settlement agreement(s) as set forth in the Agreement.

## THE PROPOSED SETTLEMENT, SALE, AND TERMINATION

15.     In the Agreement, the parties modify their respective rights and obligations under the prior settlement agreements and the Insurance Policies.

16.     The following is a summary of the Agreement.  In the event of an inconsistency with the Agreement, the Agreement controls.

> A.     **Settlement Payment**.  In accordance with the Agreement, the Resolute-Administered Insurers, upon approval of the proposed settlement, will pay $12,300,000 to the Debtor's Estate.

> B.     **Use of Funds**.  The Trustee will hold the settlement funds and disburse them in accordance with the Bankruptcy Code or any Orders issued by this Court.

C. **Releases**. The Debtor's Estate will fully, finally and forever release the Resolute-Administered Insurers from (a) any and all claims for insurance coverage or other obligations under the Insurance Policies that arise from, relate to, or are in connection with Asbestos-Related Bodily Injury Claims, (b) any and all claims of any kind under, arising out of, related to, or in connection with the Insurance Policies, including, without limitation, claims for insurance coverage, whether such claims are known or unknown, suspected, claimed or alleged, fixed or contingent, and (c) any and all claims, whether known or unknown, suspected, claimed or alleged, fixed or contingent, arising from, related to, or in connection with the making, drafting, negotiation, or execution of the Agreement.

In consideration, the Resolute-Administered Insurers shall be deemed to have fully, finally, and forever released the Debtor and the Debtor's Estate from (a) all claims, whether known or unknown, suspected, claimed or alleged, fixed or contingent, arising from or relating to the Insurance Policies, the making, drafting, negotiation, or execution of the Agreement, or the spoliation or attempted spoliation of documents, (b) any claims filed, or able to be filed against the Debtor's Estate, and (c) any right to recover the settlement payments.

D. **Sale**. Effective immediately upon the receipt of the Settlement Amount, and without any further action being required, the Trustee will be deemed to have sold the Insurance Policies, and the Debtor's rights and interests in the Insurance Policies, to the respective Resolute-Administered Insurers free and clear of any liens, claims, and interests in accordance with sections 363(b)(1) and (f) of the Bankruptcy Code. As a result, the Insurance Policies will be deemed terminated, all rights, duties, and coverage under the

4

Insurance Policies shall be fully and finally extinguished, to the fullest extent permitted by law, the Insurance Policies shall no longer remain in effect, and the sale of the Insurance Policies to the respective Resolute-Administered Insurers shall operate as if the respective Resolute-Administered Insurers had never issued the Insurance Policies and therefore were never required to have any dealings with, or actual or alleged duties or obligations whatsoever to, any of the Debtor's Estate, the Debtor, or any person allegedly harmed or injured by the Debtor.

       E.     **Injunction**. The Resolute-Administered Insurers have requested that the Trustee use, and the Trustee has agreed to use, his best efforts to include a provision in the Order approving the proposed settlement that all persons who hold or assert, or may in the future hold or assert, any claim against the Debtor, arising in connection with the activities covered by the Insurance Policies, or in connection with the Debtor's activities giving rise to the claims made or to be made under the Insurance Policies, or any other person who may claim to be an insured, additional insured, or otherwise entitled to any benefit under the Insurance Policies, are permanently stayed, restrained, and enjoined from asserting any such claim or right to entitlement, from commencing a proceeding, or taking any other action against the Resolute-Administered Insurers for the purpose of obtaining any recovery or other relief from the Resolute-Administered Insurers or under or in connection with the Insurance Policies.

## GROUNDS FOR THE RELIEF REQUESTED

**A.**    **The Settlement**

       17.     Bankruptcy Rule 9019(a) authorizes a court, after notice and a hearing, to approve a compromise or settlement of a controversy.

18.     It is well settled that compromises are favored in bankruptcy cases to minimize litigation and to expedite the administration of the bankruptcy Estate.  *Myers v. Martin*, *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).

19.     In *Martin*, 91 F.3d at 393, the Court of Appeals enumerated the following factors to guide a court in its determination of the reasonableness of a settlement:  "(1) the probability of successful litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors appearing."  *See also In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

20.     A proposed settlement need not be the best one that could be achieved, but must only fall "within the reasonable range of litigation possibilities."  *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted); *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  As another court explained, "the court is not supposed to have a 'mini-trial' on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'"  *In re Jasmine Ltd.*, 258 B.R. 119, 124 (D.N.J. 2000) (*quoting In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D.Pa.1986) *and citing In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D.Pa.1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993)); *accord Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983).

21.     Thus, a court should "defer to the trustee's judgment so long as there is a legitimate business justification" to support the settlement.  *Martin*, 91 F.3d at 395 (citations omitted).

22.     The Trustee submits that the proposed settlement yields the best resolution and outcome for the Debtor's Estate.

23.     The Settlement Amount is the result of extensive settlement negotiations, including three mediation sessions presided over by Lawrence Pollack.  Mr. Pollack is an experienced JAMS mediator with extensive experience with complex insurance claims.  After three in-person mediation sessions and the exchange of extensive information, Mr. Pollack ultimately issued a mediator proposal (attached as Exhibit A to the Agreement) that was agreed to by the Parties. Additionally, the proposed settlement resolves the Debtor's claims under the Insurance Policies without the uncertainty, attorneys' fees, costs, and delay associated with coverage litigation.

**B.**     **The Sale and Injunction**

24.     As part of the consideration for the payment of the Settlement Amount, the Resolute-Administered Insurers have requested that the Trustee sell the Debtor's rights and interests under the Insurance Policies to the respective Resolute-Administered Insurers pursuant to sections 363(b), (f), and (m) of the Bankruptcy Code.

25.     Section 363(b)(1) of the Bankruptcy Code authorizes a trustee, after notice and a hearing, to use, sell, or lease, other than in the ordinary course of business, property of the Estate.

26.     In determining whether a proposed sale under section 363(b)(1) of the Bankruptcy Code is appropriate, courts examine whether a trustee has exercised sound business judgment in proposing the sale in question.  *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 388–390 (6th Cir. 1986); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169 (D. Del. 1991); *In re Industry Valley Refrig. & Air Cond. Supplies*, 77 B.R. 15 (Bankr. E.D. Pa. 1987).

27.     The Third Circuit Court of Appeals has interpreted section 363(b) of the Bankruptcy Code to require a finding by the Court that the buyer of a debtor's assets is a good faith buyer.  *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149–50 (3d Cir. 1986). While the Bankruptcy Code does not define good faith, the Third Circuit observed that courts have interpreted that phrase to mean one who purchases "in good faith" and for "value."  *Id.* at 147 (*citing In re Bel Air Assocs.*, 706 F.2d 301, 305 (10th Cir. 1983); *In re Rock Indus Mach., Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978)).

28.     In the exercise of his business judgment, the Trustee believes that the proposed sale of the Insurance Policies to the respective Resolute-Administered Insurers will maximize any recovery for the benefit of the Debtor's Estate.  The Trustee also has concluded that the sale price for the Insurance Policies is fair.

29.     The Resolute-Administered Insurers also have requested that the Trustee sell the Debtor's interests in the Insurance Policies free and clear of all claims and interests.

30.     Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property of the Estate free and clear of any interest in such property, only if one or more of the following requirements are met:

> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

31.    Since section 363(f) of the Bankruptcy Code is written in disjunctive terms, the

Trustee need only satisfy one requirement.  *See In re Kellstrom, Inc.*, 282 B.R. 787, 793 (Bankr.

D. Del. 2002); *In re Dura Auto. Sys.*, 2007 Bankr. LEXIS 2764 (Bankr. D. Del. Aug. 15, 2007);

*In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031 (D. Del. May 20, 2002); *In re Kellstrom Indus.*,

282 B.R. 787 (Bankr. D. Del. 2002); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94

B.R. 343, 345 (E.D. Pa. 1988).

32.    The Trustee submits that section 363(f)(5) of the Bankruptcy Code is satisfied

because any person or entity that has asserted or may in the future assert a right in and to the

Insurance Policies could be compelled in a legal or equitable proceeding to accept a money

satisfaction of its claims.

33.    Under the Agreement, the Trustee is obligated to use his best efforts to obtain the

injunction discussed above at paragraph 17E.

34.    Injunctive relief in support of the proposed sale is permissible and appropriate.  This

Court and courts in other jurisdictions on numerous occasions have enjoined pursuit of released

claims and liabilities in connection with a sale and buyback of insurance coverage.  *See, e.g.*, *In re*

*The Flintkote Co.*, 04-11300 (JFK) (Bankr. D. Del. Mar. 18, 2008) (approving buyback of

insurance by American Home Assurance Company and enjoining claims under section 363); *In re*

*Federal-Mogul Global, Inc.*, 01-10578 (JFK) (Bankr. D. Del. Nov. 8, 2007) (approving buyback

of insurance by OneBeacon America Insurance Company and enjoining claims under section 363);

*In re Quigley Co.*, 04-15739 (SMB) (Bankr. S.D.N.Y. Jun. 9, 2009) (approving buyback of

insurance by Hartford Insurance, and enjoining claims under section 105); *In re Sunland, Inc.*, 13-

13301 (DTT) (Bankr. D.N.M. Oct. 9, 2014 ) approving buyback of insurance policies issued by

Great American Alliance Insurance Company and enjoining claims under section 363); *Nat Union*

*Ins. Co. v. Porter Hayden Co.*, 1:03-cv-03408 (CCB) (D. Md. Dec. 18, 2014) (approving buyback of AIG-related insurance policies and issuing an injunction under sections 363 and 105(a) of the Bankruptcy Code).  Copies of these Orders are attached as Exhibit 2.

35.     Section 105(a) of the Bankruptcy Code also authorizes bankruptcy courts to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  That section provides additional authority for the injunction requested here.  *See In re Quigley Co.*, 04-15739 (SMB); *Porter Hayden Co.*, 1:03-cv-03408 (CCB); *see also Macarthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988) (approving the imposition of a channeling injunction in favor of certain insurance carriers under both sections 363 and 105).

36.     For all of the foregoing reasons, the Trustee has determined, and respectfully submits, that the approval of the proposed sale of the Insurance Policies to the respective Resolute-Administered Insurers is in the best interests of the Debtor's Estate.

37.     The Trustee seeks a finding that the Resolute-Administered Insurers are good-faith purchasers of the Insurance Policies under section 363(m) of the Bankruptcy Code.  The Resolute-Administered Insurers have been represented by counsel of their choice in connection with the prior settlement agreements and in their negotiations with the Trustee.  The terms of the Agreement were negotiated at arms'-length and in good faith.  To the best of the Trustee's knowledge, and other than their contractual relationship with the Debtor under the Insurance Policies and under the prior settlement agreements, the Resolute-Administered Insurers have no other relationship or affiliation with the Debtor.

38.     Finally, in light of the circumstances presented, the Trustee respectfully requests that the Court waive the stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy

Procedure so that the Trustee can consummate the settlement and close the sale, if approved, as expeditiously as possible.

### NOTICE

39.     The Trustee has provided notice of this motion to the Office of the United States Trustee and all parties who have filed a notice of appearance in this case.

40.     The Trustee also has provided notice of this motion to all known claimants holding Asbestos-Related Bodily Injury Claims (or their counsel of record in this case or in an action pending against the Debtor in another forum), determined by examining the Debtor's matrix of creditors, the proofs of claim filed in this case, and the approximately 28,000 known pending claims against the Debtor as of the Petition Date.

41.     In addition, the Trustee will arrange to publish the notice substantially in the form attached as Exhibit 3 in the USA Today on or before March 21, 2019.

42.     The Trustee submits that no other or further notice is necessary or required.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the Order annexed hereto, approving all of the relief sought herein, and granting such other and further relief as is just or proper.

Dated: March 14, 2019                    CIARDI CIARDI & ASTIN
Wilmington, Delaware

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin, Esq. (No. 4068)
John D. McLaughlin, Jr., Esq. (No. 4123)
Joseph J. McMahon, Jr., Esq. (No. 4819)
1204 North King Street
Wilmington, DE 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

-and-

FORMAN HOLT
Erin J. Kennedy, Esq.
66 Route 17 North
Paramus, NJ 07652
Tel:  (201) 845-1000
Fax:  (201) 655-6650
ekennedy@formanlaw.com

*Counsel to Charles M. Forman,*
*the Chapter 7 Trustee*